14056

O'NEAL *ET AL.* v. MANHATTAN PRODUCE EXCHANGE

(180 S. E., 25)

*Mr. Randolph Murdaugh* for appellants.

*Mr. Hugh O. Hanna* for respondents.

May 1, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

It seems to me that Judge Greene has reached the correct conclusion in this case; therefore I cannot concur in the opinion of Mr. Acting Associate Justice Grimball.

It is conceded that the contract involved is a South Carolina contract. It is therefore to be construed in the light of South Carolina statute law, if there be such pertinent law.

Section 6645 of the Code of Laws, 1932, fixes the weight of cucumbers at 48 pounds per bushel, and Section 6647 makes it unlawful to buy or sell cucumbers except in strict accordance with the weight fixed in Section 6645.

Mr. Justice Grimball holds that: "These sections of the Code do not forbid sellers and purchasers of cucumbers from contracting for a fixed price for a unit of measure other than simply per bushel." So far I am in accord with

him, but he goes further and holds: "And such has been done by the parties to the present contract." I differ from this view. The contract provides for cucumbers to be paid for at agreed prices "per standard bushel, hamper or basket tight and fully packed clear of basket." The measure is "standard bushel." That standard is fixed in this State at 48 pounds in weight, and it is unlawful to buy or sell this commodity by any other standard. It appears to me that the contract involved here is drawn for the purpose of evading the provisions of the South Carolina Statutes. The action of the Circuit Judge, I think, was right, and should be approved.

The judgment of this Court, it being equally divided, is that the order appealed from, which will be reported, is affirmed.

MR. CHIEF JUSTICE STABLER concurs.

MR. JUSTICE CARTER and MR. ACTING ASSOCIATE JUSTICE WILLIAM H. GRIMBALL dissent.

MR. ACTING ASSOCIATE JUSTICE WILLIAM H. GRIMBALL (dissenting): This cause involves the proper construction of a contract between certain cucumber growers in the State of South Carolina and certain commission merchants in New York State. The contract was executed in South Carolina, and is to be construed according to the laws of this jurisdiction.

That portion of the contract pertinent to the issues herein is as follows:

"The grower is to deliver the cucumbers at his own expense, the same day they are picked, at the grading house or platform of the Receiver at Estill, S. C., station for sorting, grading and packing of his cucumbers with the express understanding that the Receiver is to sort, grade and accept only sound and merchantable cucumbers in accordance with the following terms:

"Fancy pickles, ranging in size from 4 inches to $5\frac{1}{2}$ inches in length not exceeding $1\frac{3}{4}$ inches in diameter at 50

cts. per standard bushel, hamper or basket tight and fully packed clear of basket."

The contract then provided for different prices for different sizes and grades, all, however, "per standard bushel, hamper or basket tight and fully packed clear of basket."

In their complaint respondents allege that under the laws of this State a bushel of cucumbers is 48 pounds, no more, no less; and that, when, under the terms of the contract, respondents delivered their cucumbers at Estill appellants graded and packed them in hampers containing more than a bushel. They ask judgment for the value of the excess cucumbers in the hampers.

In their answer appellants admit the execution of the contract and allege that they have fully and completely performed everything they contracted to do, and deny liability.

Paragraph 4 of the second defense and the entire third defense, the matters at issue on this appeal, are as follows:

"4. That these defendants in accordance with the terms of said contract purchased the product mentioned in the contract at the price therein stated for a standard bushel, hamper or basket tight and fully packed clear of basket, and not at so much per pound, there being no contract to purchase the product according to weight; but at the price stated in contract for a standard bushel, hamper or basket tight and fully packed clear of basket.

### "For a Third Defense

"1. That in the packing of cucumbers and the products mentioned in the contract entered into between these defendants and the plaintiffs it is the universal custom and usage in this trade, which the plaintiffs and other growers knew or should have known because of its universal usage and practice that in packing a standard bushel, hamper or basket of cucumbers or the products mentioned in the contract that same is always tight and fully packed so that it will bulge at the time of packing, and when these defendants

and the plaintiffs and other growers entered into the contract this universal custom and practice was accepted by the plaintiffs and agreed to by the defendants as a part and parcel of the contract."

Hon. G. B. Greene, presiding Judge, on motion struck from the answer the allegations above set forth. His order was as follows:

"The first phase of the case taken up and argued before me was the motion on the part of the plaintiffs to strike Paragraph 4 of the defendants' second defense and to strike the entire third defense as set out in the answer of defendants. On the ground stated in the motion, and particularly for the reason that the contract sued on by plaintiffs is a South Carolina contract and governed by the laws of the State of South Carolina, and because Section 6645 of South Carolina Code of Laws, 1932, specifically states that for the sale and purchase of cucumbers the legal weight thereof shall be 48 pounds per bushel, and Section 6647 makes it unlawful to buy or sell cucumbers except in strict accordance with the standard weight provided in said section, it is hereby ordered that the motion to strike Paragraph 4 of the second defense and the entire third defense of defendant's answer be, and the same hereby is, granted, and it is ordered that the same be stricken from the said answer."

In the terms of this order appellants, in this appeal, assign error.

We are of the opinion that the appeal should be sustained.

Had the parties agreed for the purchase and sale of cucumbers at so many cents "per bushel," there is no doubt whatever that under the terms of Section 6645 of the Code the unit of measure would have been fixed at 48 pounds.

But there is no rule of law which forbids a seller of cucumbers and a purchaser of cucumbers from agreeing on a certain price for a unit of measure other than the statutory bushel of 48 pounds. And that is exactly what these parties have done in this contract. They have not made their con-

tract for a certain price "per bushel." But in plain, unambiguous terms they have agreed on a certain price "per standard bushel, hamper or basket tight and fully packed clear of basket." Doubtless, had the unit of measure been the 48-pound statutory bushel—the wording of the contract in such case being simply "per bushel"—the price per unit would have been other than that agreed on in the present contract.

Section 6645 of the Code provides for the legal and uniform standard of weights and measures in this State for the sale and purchase of products of the farm, orchard, garden, and articles of merchandise. It provides that "cucumbers shall be 48 pounds per bushel."

Section 6647 provides that it shall be unlawful to buy or sell any of the products of any farm, orchard or garden, or articles of merchandise mentioned in Section 6645 except in strict accordance with the standard weights and measures provided therein.

The purpose of these sections of the Code is to assure to every grower of cucumbers that, when he enters into a contract to sell at a certain price "per bushel," he will receive that price for each 48 pounds of cucumbers, and also to assure to every purchaser of cucumbers that, when he enters into a contract to buy at a certain price "per bushel," he will receive 48 pounds of cucumbers for each unit of agreed price.

But these sections of the Code do not forbid sellers and purchasers of cucumbers from contracting for a fixed price for a unit of measure other than simply "per bushel." And such has been done by the parties to the present contract.

The order appealed from should therefore be reversed and set aside.

MR. JUSTICE CARTER concurs.